## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**JOE SANDERS, JR. and ANGELA THOMAS SANDERS,**

      **Plaintiffs,**

vs.

**UNITED STATES OF AMERICA,**

      **Defendant.**

---

## CIVIL COMPLAINT

---

Plaintiffs Joe Sanders, Jr. and Angela Thomas Sanders by and through their attorneys, THE SAWAYA LAW FIRM, P.C., hereby submits this Civil Complaint against the above captioned Defendant. As grounds therefor, Plaintiffs state and allege the following:

### JURISDICTION

1. At all times relevant to this case, Plaintiffs were and are residents of Denver, Colorado.

2. This Court has jurisdiction over Plaintiffs' claim against the United States of America pursuant to 28 USCA § 1346(b)(1), because Plaintiffs suffered personal injuries that were caused by the negligent and wrongful acts and omissions of Garrett Anderson, an employee of the United States Government while acting within the course and scope of his employment, which caused a motor vehicle collision in Denver, Colorado.

3. This Court has jurisdiction over Plaintiffs' claims because, under the facts alleged, the United States of America, if a private person, would be liable to the Plaintiff under Colorado law.

4. Venue is proper herein pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in the District of Colorado.

**FACTUAL ALLEGATIONS**

1. On or about April 13, 2017 at approximately 4:00 p.m. ("the time of the collision"), Garrett Anderson was driving a 2006 Chevrolet Impala southbound on South Monaco Street near East 4th Avenue.

2. At the time of the collision Garrett Anderson was employed by the Defendant United States of America and worked for the Federal Bureau of Investigations.

3. At the time of the collision, Mr. Anderson was acting within the course and scope of his employment.

4. At the time of the collision, Shalayna Parker was driving her 2015 Nissan Sentra directly in front of Mr. Anderson.

5. At the time of the collision, Riasia Winslow was driving her 2007 Volkswagen Jetta directly in front of Ms. Parker.

6. At the time of the collision, Plaintiff Joe Sanders, Jr. was driving his 2003 Ford Escape directly in front of Ms. Winslow.

7. At the time of the collision, Plaintiff Angela Thomas Sanders was a passenger in the Ford Escape.

8. At the time of the collision, Kathryn Guzinski was driving her 2016 Lincoln Continental directly in front of Plaintiffs.

9. At the time of the collision, Garrett Anderson was following too closely, travelling at 35 mph, and struck the rear of Ms. Parker's vehicle which was travelling 30 mph.

10. As a result of the collision caused by Mr. Anderson, Ms. Parker's vehicle collided with the rear of Ms. Winslow's vehicle, which was travelling 30 mph.

11. As a result of the collision caused by Mr. Anderson, Ms. Winslow's vehicle collided with the rear of Plaintiffs' vehicle, which was stopped in traffic.

12. As a result of the collision caused by Mr. Anderson, Plaintiffs' vehicle collided with the rear of Ms. Guzinski's vehicle, which was travelling 5 mph.

13. Shalalyna Parker was not negligent in causing the collision described above.

14. Riasia Winslow was not negligent in causing the collision described above.

15. Joe Sanders, Jr. was not negligent in causing the collision described above.

16. Angela Thomas Sanders was not negligent in causing the collision described above.

17. Kathryn Guzinski was not negligent in causing the collision described above.

18. The collision described above was solely caused by the negligence of Garrett Anderson.

19. As a direct and proximate result of the collision described above, Plaintiffs suffered damages.

20. Plaintiffs were not comparatively negligent in causing any of their injuries and losses.

21. As a direct and proximate result of the collision described above, Plaintiffs incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to their injuries.

22. As a direct and proximate result of the collision described above, Plaintiffs incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

23. As a direct and proximate result of the collision described above, Plaintiffs suffer from lasting physical impairment and permanent disfigurement.

## FIRST CLAIM FOR RELIEF
### Vicarious Liability of Defendant for the Negligence of Garrett Anderson

24. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 23 of this Civil Complaint and Jury Demand as if set forth verbatim.

25. Because Garrett Anderson was acting within the course and scope of his employment with Defendant at the time of the collision, the acts or omissions of Garrett Anderson are deemed the acts and omissions of Defendant.

26. Defendant is liable to Plaintiffs for any negligent or wrongful act or omission of Garrett Anderson while in the course and scope of his employment.

27. Garrett Anderson owed Plaintiffs a duty to exercise reasonable care in the operation of the Chevrolet at the time of the collision.

28. Mr. Anderson breached his duty to Plaintiffs to exercise reasonable care in the operation of the Chevrolet at the time of the collision.

29. Mr. Anderson's breach of duty described above directly and proximately caused Plaintiffs to suffer damages.

30. Mr. Anderson's breach of duty described above directly and proximately caused Plaintiffs to incur past and future medical and other health care and rehabilitation expenses for injuries.

31. Mr. Anderson's breach of duty described above directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

32. Mr. Anderson's breach of duty described above directly and proximately caused Plaintiffs to suffer lasting physical impairment and permanent disfigurement.

## SECOND CLAIM FOR RELIEF
### Vicarious Liability of Defendant for the Negligence Per Se of Garrett Anderson

33. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 32 of this Civil Complaint and Jury Demand as if set forth verbatim.

34. When Garrett Anderson operated the Chevrolet in such a manner as to cause the collision described above, Anderson violated several municipal ordinances and Colorado statues including, but not limited to the following:

   a. C.R.S. § 42-4-1402(1) (Careless Driving);

   b. C.R.S. § 42-4-1402(2) (Careless Driving Causing Bodily Injury); and

   c. C.R.S. § 42-4-1008 (Following Too Closely).

35. Plaintiffs are members of the class for whose protection the ordinances and statutes referenced above were enacted.

36. The collision described above and the injuries and damages Plaintiffs suffered as described above are the type of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

37. Mr. Anderson's ordinance and statutory violations referenced above directly and proximately caused each of the Plaintiffs' injuries and damages as described above.

38. As a direct and proximate result of the ordinance and statutory violations referenced above, Plaintiffs suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical, and other health care and rehabilitation expenses for injuries, loss of earnings, loss of earning capacity, and loss of time.

39. As a direct and proximate result of the ordinance and statutory violations referenced above, Plaintiffs suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

40. As a direct and proximate result of the above-mentioned statutory violations, Plaintiffs suffer lasting physical impairment and permanent disfigurement.

Dated: October 6, 2020.

Respectfully submitted,

*/s/Zach Elsner*
Zach Elsner, Esq.
SAWAYA, ROSE, MCCLURE & WILHITE, P.C.
1600 Ogden Street
Denver, CO 80218
Telephone: (303) 839-1650
Facsimile: (303) 832-7102
Email: zelsner@sawayalaw.com
Attorney for Plaintiffs